C. E. WALTERS, executrix, *et al.*, executor, plaintiffs in error,
*vs.* WILLIAM MONTGOMERY, receiver, defendant.

1. It must be a very strong case to authorize a court to hold that a receiver of an estate had no power to sell when authorized to do so by an interlocutory decree in chancery, if indeed it should be so held in any case at all.

2. Representation at the sale by the receiver that the land is free from encumbrance is the truth, and no fraud upon the purchaser, if, though the land be levied upon by judgment and *fi. fa.* against a former vendor and the claim case be then pending, it results that there was no encumbrance, by the verdict of the jury that the land is not subject but is the property of the receiver's estate, especially if the levy was notorious and proclaimed at the sale. In such a case *caveat emptor* applies with double force, and the chancellor did right not to disturb the sale or grant an injunction.

Equity. Receivers. Injunction. Sale. Before Judge KIDDOO. Dougherty Superior Court. October Term, 1875.

Jeremiah Walters having died whilst this case was pending before the supreme court, his legal representatives were made parties in his stead. The facts are reported in the opinion.

VASON & DAVIS; Z. J. ODOM; D. H. POPE, for plaintiffs in error.

WARREN & HOBBS, for defendant.

JACKSON, Judge.

Montgomery, as receiver of the estate of Turner Clanton, sold a plantation known as the Porter place, in Dougherty county, at public outcry, by virtue of an order of the chancery court of Richmond county, which had appointed him receiver. He sold for part cash and part credit. Walters was the purchaser, and when the note fell due he failed to pay, and Montgomery sued on the note and proceeded to foreclose a mortgage on the land for the note which was given for the credit part of purchase money. Walters filed a bill to enjoin the suit and foreclosure, on the ground that Montgomery, by his auctioneer, proclaimed that the land was free from encumbrance, whereas a levy had been made upon it as the property of Tarver, and the claim was then pending. The bill alleged that, but for this encumbrance, Walters could have sold the land for as much as he gave for it. It turned out on the trial of the claim that the property was found not subject, and therefore that the representation that there was no encumbrance was true. It was in proof, too, by affidavit, that notice of the judgment and levy was given at the sale, and the answer set up that the fact was notorious and well known to counsel of Walters. The chancellor refused the injunction, and the complainant, Walters, excepted.

1, 2. We think the chancellor did right. The levy was a mere *brutum fulmen*, it was no encumbrance as it turned out, and ought, besides, to have been known to the purchaser. It was *lis pendens*, it was proclaimed at the sale according to one affidavit and notorious, and especially well known to Walter's counsel, according to defendant's answer. The complainant was only hurt by the fall in the price of property, by no fault of the receiver, and cannot equitably ask relief. Something was said in the argument about the power of the receiver to sell under the will of Clanton, but he had an interlocutory order from the chancellor to do so. Reliance was

also put upon some other documentary evidence from Richmond county, but it appeared only in the record, and was not in any exhibit to bill or answer. Even if it had been certified as evidence, it would take a very strong case to show the want of power in a receiver to sell after the court of chancery, whose officer he was, had ordered the sale.

Judgment affirmed.